NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS PORTILLO,

                Petitioner,

    v.

PAMELA BONDI, Attorney General,

                Respondent.

No. 23-1699

Agency No.
A088-711-176

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2025**
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

    Luis Portillo, a native and citizen of Honduras, petitions for review of a Board

of Immigration Appeals ("BIA") decision dismissing his appeal from the denial by

an immigration judge ("IJ") of his applications for asylum, withholding of removal,

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review the BIA's credibility findings for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). Under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez*, 918 F.3d at 1028. Where, as here, "the BIA agrees with the IJ decision and also adds its own reasoning, we review the [BIA's decision] and those parts of the IJ's decision upon which it relies." *Id.* at 1027–28.

1.     Substantial evidence supports the BIA's adverse credibility determination. When evaluating a petitioner's credibility, the agency considers the totality of the circumstances and may base its credibility determination on any "relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). These non-exhaustive factors include "the inherent plausibility of the [petitioner's] account, the consistency between the [petitioner's] written and oral statements," and "the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The agency must provide "specific and cogent reasons" with reference to "specific

instances in the record" to support an adverse credibility determination. *Id.* at 1044 (citations omitted).

Here, the BIA agreed with the IJ that Portillo was not credible because Portillo failed to allege that he witnessed a gang-perpetrated murder in his asylum applications and in his two written declarations. This incident was also omitted from a letter by Portillo's brother-in-law, explaining why Portillo left Honduras. These relevant omissions constitute substantial evidence for finding Portillo not credible.

Portillo's account of being an eyewitness to the murder, which precipitated his alleged harm and departure from Honduras, "tell[s] a much different—and more compelling—story of persecution than [his] initial application." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016) (holding that omission of mere details is insufficient to support adverse credibility finding but that omitting "significant events . . . that would have supported his applications for relief" is a specific and cogent reason for discrediting the petitioner) (cleaned up). The record also supports the BIA's finding that Portillo failed to plausibly explain the omission. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022) (holding that agency properly considered the petitioner's failure to plausibly explain omission in making adverse credibility determination).

2.     Without credible testimony about his alleged persecution, Portillo could not establish his asylum and withholding claims. Eligibility for asylum and

withholding of removal depends on the credible establishment of persecution or a well-founded fear of persecution. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B), 1229a(c)(4)(A). Because the BIA's credibility finding went to an essential element of Portillo's claims, substantial evidence supports the BIA's denial of asylum and withholding of removal. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3.      Substantial evidence supports the BIA's denial of CAT relief. To be eligible for CAT protection, a petitioner must show he faces a "particularized, ongoing risk of future torture," *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022), and "that it is more likely than not that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others," *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (cleaned up); *see* 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

Here, Portillo failed to show that he would be tortured by or with the government's consent or acquiescence. Portillo relies on country conditions evidence alone to show that the government would acquiesce in his torture. Although "a CAT applicant may satisfy his burden with evidence of country conditions alone," *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010), the evidence here does not compel a conclusion contrary to that of the BIA. *See Tamara-Gomez v. Gonzalez*, 447 F.3d 343, 351 (9th Cir. 2006). Portillo's evidence suggests that the Honduran

4                                                                                           23-1699

government has not been completely successful in controlling criminal elements within Honduras, but general ineffectiveness in controlling crime does not establish acquiescence "absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014).

As for his individualized risk of torture, Portillo points to a 2015 Honduras Country Report, which provides that "local and transnational gangs . . . were significant perpetrators of violent crimes." But this country conditions evidence alone does not compel the finding that Portillo faces a particularized risk of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (holding that country conditions evidence describing violence between government and insurgent group did not establish that petitioner "would face any particular threat of torture"); *see also Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

The petition is **DENIED.**